UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
VINCENT BERTOLINO,                              )
                                                )
                Plaintiff,                   )   **COMPLAINT**
                                                )
    -against-                                  )   **JURY TRIAL DEMANDED**
                                                )
THE CITY OF NEW YORK; POLICE OFFICER            )
LUIS CASTILLO, Shield No. 20688; POLICE         )
OFFICER "FNU" (FIRST NAME UNKNOWN)              )
ROCHA; POLICE OFFICER DIANA                     )
ESCALERA, Shield No. 1699; POLICE OFFICER       )
JOHN NUNEZ; JOHN DOE #1; JOHN DOES;             )
and RICHARD ROES,                               )
                                                )
                Defendants.                  )
------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.  This is a civil rights action in which the plaintiff VINCENT BERTOLINO seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its First, Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.  This action is brought pursuant to the Constitution of the United States, including its First, Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

1

**JURY TRIAL DEMANDED**

3.  Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

**VENUE**

4.  Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

**NOTICE OF CLAIM**

5.  Plaintiff filed a Notice of Claim with the Comptroller of the City of New York on September 9, 2014.  More than 30 days have elapsed since service of the Notices of Claim, and adjustment or payment thereof has been neglected or refused.

**PARTIES**

6.  Plaintiff VINCENT BERTOLINO was at all times relevant herein a resident of the State of New York.

7.  Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

8.  Defendants CASTILLO, ROCHA, ESCALERA, NUNEZ, JOHN DOE #1 and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers,

servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK.  Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants CASTILLO, ROCHA, ESCALERA, NUNEZ, JOHN DOE #1 and JOHN DOES, are sued individually and in their official capacity.

9.      Defendants RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command.  Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants RICHARD ROES are sued individually and in their official capacity.

## **STATEMENT OF FACTS**

### **The September 27, 2013 Incident**

10. On September 27, 2013, at approximately 6:25 a.m., Plaintiff was sitting on the bench on the subway platform at the Union Square subway station, New York, NY.

11. Plaintiff was sitting normally on the bench, and had not done anything remotely lewd or inappropriate.

12. Defendant POLICE OFFICER CASTILLO approached Plaintiff and asked Plaintiff to follow him to the transit police precinct in the subway station, and Plaintiff did so.

13. While Defendant POLICE OFFICER CASTILLO was speaking with Plaintiff, another person - on information and belief a civilian named Moises Perez - was also present, was making faces at Plaintiff like a clown, and appeared to be deranged and unstable.

14. Once at the precinct POLICE OFFICER CASTILLO told Plaintiff that someone had seen Plaintiff masturbating on the subway platform.

15. Plaintiff told POLICE OFFICER CASTILLO that this was completely untrue, and Plaintiff told POLICE OFFICER CASTILLO, in sum and substance, "if you believe this asshole then that's what you are" (i.e., if POLICE OFFICER CASTILLO believed the deranged and unstable man, who was an asshole, then POLICE OFFICER CASTILLO was an asshole as well).

16. In retaliation for referring to POLICE OFFICER CASTILLO as an asshole, POLICE OFFICER CASTILLO then arrested Plaintiff.

17. Plaintiff was then placed into a holding cell for some time, and then taken to Manhattan Central Booking.

18. Plaintiff was held at Manhattan Central Booking until approximately 11:00 or

11:30 p.m., when he was arraigned and released.

19. Plaintiff was falsely charged with one count of Public Lewdness and one count of Exposure of a Person.

20. The Criminal Court Complaint was signed by Officer CASTILLO that was lodged against Plaintiff stated as follows:

> I am informed by Moises Perez of an address known to the District Attorney's Office, that he observed the defendant with his naked penis outside of his clothing on a bench inside the subway station. I am further informed by Mr. Perez that he observed the defendant making an up and down rubbing motion consistent with masturbation as an unknown woman walked in front of the defendant.

21. These allegations are lies.

22. Plaintiff's penis was never outside of his clothing while he was at the subway station.

23. Plaintiff did not make any sort of motion like that described in the Criminal Court complaint.

24. On information and belief Officer CASTILLO did not do anything to try to verify whether Plaintiff was engaged in lewd conduct inside the subway station, such as watching Plaintiff himself (either in person or via video surveillance), or speaking to other individuals who did not appear to be deranged and unstable.

25. Plaintiff accepted an Adjournment in Contemplation of Dismissal ("ACD"), and the charges of Public Lewdness and Exposure of a Person have been dismissed in its entirety.

**The June 19, 2014 Incident**

26. On June 19, 2014, at approximately 6:35 a.m., Plaintiff was sitting on the subway at the Union Square subway station, New York, NY.

27. Plaintiff and his possessions were occupying only one seat.

28. Plaintiff was approached by two plainclothes police officers, one male (Defendant JOHN DOE #1) and one female (on information and belief Defendant POLICE OFFICER ESCALERA).

29. JOHN DOE #1 told Plaintiff to get up, and Plaintiff got up.

30. JOHN DOE #1 and ESCALERA told Plaintiff to get off the train with them and come with them to the transit police precinct in the subway station, and Plaintiff did so.

31. At the precinct, JOHN DOE #1 and ESCALERA asked Plaintiff for identification, which Plaintiff provided.

32. JOHN DOE #1 and ESCALERA asked Plaintiff if he had ever been arrested, and Plaintiff said no.

33. JOHN DOE #1 and ESCALERA informed Plaintiff that they had accessed a record of his arrest from September 27, 2013 - which should have been sealed as of March 27, 2014 and inaccessible to them - and that Plaintiff was a "recidivist."

34. JOHN DOE #1 and ESCALERA handcuffed Plaintiff.

35. JOHN DOE #1 and ESCALERA then placed Plaintiff into a holding cell.

36. Plaintiff was fingerprinted and photographed at the police precinct.

37. Defendant POLICE OFFICER ROCHA (the precise spelling is presently unknown) logged Plaintiff's property.

38. Plaintiff was never told why he had been arrested while at the precinct.

39. After approximately three or four hours in the holding cell, Plaintiff was brought to Manhattan Central Booking.

40. At Manhattan Central Booking Plaintiff was fingerprinted and photographed again.

41. Plaintiff was held at Manhattan Central Booking until approximately 11:30 p.m., when he was arraigned and released.

42. Plaintiff was falsely charged with Occupying Multiple Seats on a Transit Facility Subway or Bus.

43. The Criminal Court Complaint was signed by Officer ESCALERA that was lodged against Plaintiff stated as follows:

> I observed the defendant on a southbound 'R' train lying outstretched sleeping across multiple seats. I further observed a large plastic, which belonged to the defendant, on a seat next to the defendant and an additional large plastic bag, belonging to the defendant, on the floor by the defendant's seat. I further observed that there were more than 10 passengers on the train and at least 2 passengers were standing.

44. These allegations are lies.

45. Plaintiff was on an 'N' train, not an 'R' train.

46. Plaintiff was seated, not lying outstretched.

47. Plaintiff's small bag was beside him, but was not taking up the seat beside him on the two-seat unit in which Plaintiff was seated, and anyone could have sat there without difficulty.

48. It would have been physically impossible for Plaintiff to have been "lying outstretched" in the two-seat unit in which Plaintiff was seated.

49. There were numerous empty seats on the train.

50. Plaintiff accepted an Adjournment in Contemplation of Dismissal ("ACD"), and the charge of Occupying Multiple Seats on a Transit Facility Subway or Bus has been dismissed in its entirety.

51. Plaintiff made numerous trips back to the precinct to try to get his property back, which had been taken from him when he was arrested.

52. Plaintiff was told that he needed to speak with POLICE OFFICER ROCHA to get his property back.

53. When Plaintiff got his bag back a number of items of Plaintiff's property - most importantly a handwritten play that Plaintiff had authored, entitled "The Scythe of Sophocles" (which contained subject matter that was critical of police officers), and of which there were no copies - were missing.

54. On one of the occasions when Plaintiff went back to the precinct to attempt to get his missing property back Defendant POLICE OFFICER NUNEZ denied that anyone took Plaintiff's property and became angry at Plaintiff.

55. POLICE OFFICER NUNEZ, without cause or justification, took out his handcuffs and aggressively approached Plaintiff and threatened to handcuff and arrest Plaintiff.

56. POLICE OFFICER NUNEZ told Plaintiff to leave the precinct or he would be arrested, so Plaintiff left the precinct.

57. When Plaintiff finally was able to speak with POLICE OFFICER ROCHA about the missing property, he also became aggressive, and said, in sum and substance, "why would I steal some papers."

## **FIRST CLAIM**

## **DEPRIVATION OF RIGHTS UNDER THE**
## **UNITED STATES CONSTITUTION AND 42 U.S.C. §1983**

58.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

59.     By their conduct and actions in seizing plaintiff, searching plaintiff and his property, falsely arresting and imprisoning plaintiff, assaulting and battering plaintiff, trespassing upon plaintiff, abusing process against plaintiff, fabricating evidence / false statements against Plaintiff, violating rights to due process of plaintiff, harassing plaintiff, violating and retaliating for plaintiff's exercise of his rights to free speech and assembly, converting Plaintiff's property, failing to intercede on behalf of the plaintiff and in failing to protect the plaintiff from the unjustified and unconstitutional treatment he received at the hands of other defendants, defendants CASTILLO, ROCHA, ESCALERA, NUNEZ, JOHN DOE #1, JOHN DOES and/or RICHARD ROES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, and Fourteenth amendments.

60.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

61. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

62. By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants RICHARD ROES caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, and Fourteenth amendments.

63. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

### LIABILITY OF DEFENDANT THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

64. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

65. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

66. At all times material to this complaint, defendant THE CITY OF NEW YORK,

acting through its police department, and through the individual defendants, had <u>de facto</u> policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

67.	At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of and/or retaliation for individuals' exercise of free speech and association in a manner that offends or affronts City officials or employees, or is interpreted by them as challenging their authority or documenting or reporting their misconduct.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

68.	At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had <u>de facto</u> policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence."  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

69.	At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had <u>de facto</u> policies, practices, customs and/or usages of unlawfully accessing information concerning sealed arrests.

Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

70. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of treating those who had previously been arrested in transit-related incidents (who were not convicted) more harshly in terms of arrest processing (by putting them "through the system" instead of releasing them with a summons or Desk Appearance Ticket) than those who had not been previously arrested in transit-related incidents. Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

71. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

72. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

73. The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of the defendant THE CITY OF NEW YORK, and, as a result, the defendant THE CITY OF NEW

YORK is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

74. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

### ASSAULT AND BATTERY

75. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

76. By the actions described above, defendants did inflict assault and battery upon the plaintiff. The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

77. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

### FALSE ARREST AND FALSE IMPRISONMENT

78. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

79. By the actions described above, defendants caused plaintiff to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of the defendants were the direct

and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

80. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

### VIOLATION OF RIGHT TO EQUAL PROTECTION OF LAW

81. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

82. By the actions described above, defendants violated plaintiff's rights to equal protection of law. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

83. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM

### VIOLATION OF AND RETALIATION FOR THE EXERCISE OF RIGHTS TO FREE SPEECH AND ASSEMBLY

84. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

85. By the actions described above, defendants violated, and retaliated for the exercise

of, the free speech and assembly rights of plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

86. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

### ABUSE OF PROCESS

87. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

88. By the conduct and actions described above, defendants employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts. The purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

89. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## TENTH CLAIM

## TRESPASS

90. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

91. The defendants willfully, wrongfully and unlawfully trespassed upon the person of plaintiff.

92. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## ELEVENTH CLAIM

## INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

93. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

94. By the actions described above, defendants engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally and/or negligently caused emotional distress to plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

95. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## TWELFTH CLAIM

### NEGLIGENCE

96.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

97.    The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

98.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## THIRTEENTH CLAIM

### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

99.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

100.    Defendants THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

101.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FOURTEENTH CLAIM

### CONSTITUTIONAL TORT

102.   Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

103.   Defendants, acting under color of law, violated plaintiff's rights pursuant to Article I, §§ 6, 8, and 12 of the New York State Constitution.

104.   A damages remedy here is necessary to effectuate the purposes of §§ 6, 8, and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

105.   As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FIFTEENTH CLAIM

### CONVERSION

106.   Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

107.   Through their actions in causing a serious interference with, and/or in seriously interfering with, plaintiff's right of possession in his property, and/or in exercising unauthorized possession and/or ownership over plaintiff's property, defendants wrongfully converted plaintiff's property.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

108.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

### SIXTEENTH CLAIM

### UNLAWFUL ACCESSING OF SEALED RECORDS

109.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

110.    By the actions described above, defendants unlawfully accessed Plaintiff's sealed arrest records, in violation of, *inter alia*, New York Criminal Procedure Law § 160.50, without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

111.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorney's fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated:    New York, New York
           September 16, 2015

                                          ___/S/ Jeffrey A. Rothman____
                                          Jeffrey A. Rothman, Esq.
                                          315 Broadway, Suite 200
                                          New York, New York 10007
                                          (212) 227-2980

                                          Attorney for Plaintiff