UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

VINCENT BERTOLINO,

                                    plaintiff,

              -against-

THE CITY OF NEW YORK; ET AL.,

                        Defendants.

------------------------------------------------------------------ x

**CORRECTED[1] ANSWER TO THE AMENDED COMPLAINT BY DEFENDANTS**

15 CV 07327 (RJS)

JURY TRIAL DEMANDED

        Defendants City of New York, Luis Castillo, Diana Escalera, Jorge Roca and John Nunez, by their attorney Zachary W. Carter, Corporation Counsel of the City of New York, for their Answer to the Amended Complaint ("Complaint), dated January 5, 2016, respectfully:

        1.      Deny the allegations in paragraph "1" of the Complaint, except admit that plaintiff has commenced an action as stated therein.

        2.      Deny the allegations in paragraph "2" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

        3.      State that the allegations in paragraph "3" of the complaint are not allegations of fact that require a response.

        4.      Deny the allegations in paragraph "4" of the Complaint, except admit that plaintiff purports to base venue in this district as stated therein.

        5.      Deny the allegations in paragraph "5" of the Complaint, except admit that a document purporting to be a notice of claim was received by the New York City Office of the

---

[1] On January 19, 2016, defendants mistakenly filed an incorrect version of this document on ECF.  This document is the correct version of the Answer to the Amended Complaint, and is filed with the consent of plaintiff's counsel, Jeffrey Rothman.

Comptroller on September 9, 2014, that more than thirty days have elapsed since a notice of claim was received and that this matter has not been settled or otherwise disposed of.

6.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "6" of the Complaint.

7.    Deny the allegations in paragraph "8" of the complaint, except admit the City is a municipal entity created under the laws of the State of New York, and further admit that the City maintains the New York City Police Department ("NYPD") and refer to the New York City Charter and the Administrative Code and other applicable provisions of law concerning the City's authority to maintain a police department and its responsibilities incident thereto.

8.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "8" of the Complaint, except admit Castillo, Roca, Escalera and Nunez are and were on the relevant dates employed by the City as police officers, and state that the remaining allegations are legal conclusions to which no response is required, and admit that plaintiff purports to proceed as stated therein.

9.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "9" of the Complaint.

10.    Admit the allegations in paragraph "10" of the Complaint.

11.    Deny the allegations in paragraph "11" of the Complaint.

12.    Deny the allegations in paragraph "12" of the Complaint, except admit that Castillo approached plaintiff.

13.    Deny the allegations in paragraph "13" of the Complaint, except admit that a civilian was also present.

14.     Deny the allegations in paragraph "14" of the Complaint, except admit that plaintiff was told someone had seen him masturbating on the subway platform.

15.     Deny the allegations in paragraph "15" of the Complaint.

16.     Deny the allegations in paragraph "16" of the Complaint.

17.     Deny the allegations in paragraph "17" of the Complaint, except admit that plaintiff was detained in the transit police precinct and on information and belief was then transported to Manhattan Central Booking.

18.     Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "18" of the Complaint, except admit on information and belief that plaintiff was eventually arraigned and released.

19.     Deny the allegations in paragraph "19" of the Complaint.

20.     Deny the allegations in paragraph "20" of the Complaint, except refer to the Criminal Complaint for a recitation of its contents.

21.     Deny the allegations in paragraph "21" of the Complaint.

22.     Deny the allegations in paragraph "22" of the Complaint.

23.     Deny allegations in paragraph "23" of the Complaint.

24.     Deny the allegations in paragraph "24" of the complaint.

25.     Admit, on information and belief, the allegations in paragraph "25" of the Complaint.

26.     Deny the allegations in paragraph "26" of the Complaint, except admit that plaintiff was on the subway at the Union Square Subway station at approximately 6:35 a.m. on June 19, 2014.

27.     Deny the allegations in paragraph "27" of the Complaint.

28.     Deny the allegations in paragraph "28" of the Complaint, except admit that plaintiff was approached by Officers Escalera and Roca.

29.     Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "29" of the Complaint.

30.     Deny the allegations in paragraph "30" of the Complaint, except admit that plaintiff went to the transit police precinct.

31.     Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "31" of the Complaint.

32.     Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "32" of the Complaint.

33.     Deny the allegations in paragraph "33" of the Complaint.

34.     Deny the allegation in paragraph "34" of the Complaint, except admit that plaintiff was handcuffed.

35.     Deny the allegation in paragraph "35" of the Complaint, except admit that plaintiff was placed in a holding cell.

36.     Deny the allegation in paragraph "36" of the Complaint, except admit that plaintiff was fingerprinted.

37.     Deny the allegation in paragraph "37" of the Complaint, except admit that plaintiff's property was vouchered.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "38" of the Complaint.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "39" of the Complaint.

- 4 -

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "40" of the Complaint.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "41" of the Complaint.

42.     Deny the allegations in paragraph "42" of the Complaint.

43.     Deny the allegations in paragraph "43" of the Complaint, except refer to the Criminal Complaint for a recitation of its contents.

44.     Deny the allegations in paragraph "44" of the Complaint.

45.     Deny the allegations in paragraph "45" of the Complaint.

46.     Deny the allegations in paragraph "46" of the Complaint.

47.     Deny the allegations in paragraph "47" of the Complaint.

48.     Deny the allegations in paragraph "48" of the Complaint.

49.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "49" of the Complaint.

50.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "50" of the Complaint.

51.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "51" of the Complaint.

52.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "52" of the Complaint.

53.     Deny the allegations in paragraph "53" of the Complaint.

54.     Deny the allegations in paragraph "54" of the Complaint.

55.     Deny the allegations in paragraph "55" of the Complaint.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "56" of the Complaint.

57.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "57" of the Complaint.

58.     In response to paragraph "58" of the Complaint, defendants repeat and reallege the responses in the preceding paragraphs inclusive of this Answer, as if fully herein.

59.     Deny the allegations in paragraph "59" of the Complaint.

60.     Deny the allegations in paragraph "60" of the Complaint.

61.     In response to paragraph "61" of the Complaint, defendants repeat and reallege the responses in the preceding paragraphs inclusive of this Answer, as if fully herein.

62.     Deny the allegations in paragraph "62" of the Complaint.

63.     Deny the allegations in paragraph "63" of the Complaint.

64.     In response to paragraph "64" of the Complaint, defendants repeat and reallege the responses in the preceding paragraphs inclusive of this Answer, as if fully herein.

65.     Deny the allegations in paragraph "65" of the Complaint.

66.     Deny the allegations in paragraph "66" of the Complaint.

67.     Deny the allegations in paragraph "67" of the Complaint.

68.     Deny the allegations in paragraph "68" of the Complaint.

69.     Deny the allegations in paragraph "69" of the Complaint.

70.     Deny the allegations in paragraph "70" of the Complaint.

71.     Deny the allegations in paragraph "71" of the Complaint.

72.     In response to paragraph "72" of the Complaint, defendants repeat and reallege the responses in the preceding paragraphs inclusive of this Answer, as if fully herein.

73.    Deny the allegations in paragraph "73" of the Complaint.

74.    Deny the allegations in paragraph "74" of the Complaint.

75.    In response to paragraph "75" of the Complaint, defendants repeat and reallege the responses in the preceding paragraphs inclusive of this Answer, as if fully herein.

76.    Deny the allegations in paragraph "76" of the Complaint.

77.    Deny the allegations in paragraph "77" of the Complaint.

78.    In response to paragraph "78" of the Complaint, defendants repeat and reallege the responses in the preceding paragraphs inclusive of this Answer, as if fully herein.

79.    Deny the allegations in paragraph "79" of the Complaint.

80.    Deny the allegations in paragraph "80" of the Complaint.

81.    In response to paragraph "81" of the Complaint, defendants repeat and reallege the responses in the preceding paragraphs inclusive of this Answer, as if fully herein.

82.    Deny the allegations in paragraph "82" of the Complaint.

83.    Deny the allegations in paragraph "83" of the Complaint

84.    In response to paragraph "84" of the Complaint, defendants repeat and reallege the responses in the preceding paragraphs inclusive of this Answer, as if fully herein.

85.    Deny the allegations in paragraph "85" of the Complaint.

86.    Deny the allegations in paragraph "86" of the Complaint

87.    In response to paragraph "87" of the Complaint, defendants repeat and reallege the responses in the preceding paragraphs inclusive of this Answer, as if fully herein.

88.    Deny the allegations in paragraph "88" of the Complaint.

89.    Deny the allegations in paragraph "89" of the Complaint

90.     In response to paragraph "90" of the Complaint, defendants repeat and reallege the responses in the preceding paragraphs inclusive of this Answer, as if fully herein.

91.     Deny the allegations in paragraph "92" of the Complaint.

92.     Deny the allegations in paragraph "92" of the Complaint

93.     In response to paragraph "93" of the Complaint, defendants repeat and reallege the responses in the preceding paragraphs inclusive of this Answer, as if fully herein.

94.     Deny the allegations in paragraph "94" of the Complaint.

95.     Deny the allegations in paragraph "95" of the Complaint

96.     In response to paragraph "96" of the Complaint, defendants repeat and reallege the responses in the preceding paragraphs inclusive of this Answer, as if fully herein.

97.     Deny the allegations in paragraph "96" of the Complaint.

98.     Deny the allegations in paragraph "97" of the Complaint

99.     In response to paragraph "99" of the Complaint, defendants repeat and reallege the responses in the preceding paragraphs inclusive of this Answer, as if fully herein.

100.     Deny the allegations in paragraph "100" of the Complaint.

101.     Deny the allegations in paragraph "101" of the Complaint

102.     In response to paragraph "102" of the Complaint, defendants repeat and reallege the responses in the preceding paragraphs inclusive of this Answer, as if fully herein.

103.     Deny the allegations in paragraph "103" of the Complaint, except state that the allegations that defendants were "acting under color of law" are legal conclusions to which no response is required.

104.     Deny the allegations in paragraph "104" of the Complaint

105.     Deny the allegations in paragraph "105" of the Complaint.

106.    In response to paragraph "106" of the Complaint, defendants repeat and reallege the responses in the preceding paragraphs inclusive of this Answer, as if fully herein.

107.    Deny the allegations in paragraph "107" of the Complaint.

108.    Deny the allegations in paragraph "108" of the Complaint

109.    In response to paragraph "109" of the Complaint, defendants repeat and reallege the responses in the preceding paragraphs inclusive of this Answer, as if fully herein.

110.    Deny the allegations in paragraph "110" of the Complaint.

111.    Deny the allegations in paragraph "111" of the Complaint

## FIRST AFFIRMATIVE DEFENSE:

112.    The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE:

113.    Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the States of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

## THIRD AFFIRMATIVE DEFENSE:

114.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or that of a third party and was not the proximate result of any act of defendants.

## FOURTH AFFIRMATIVE DEFENSE:

115.    If plaintiff was stopped by NYPD officers, they had reasonable suspicion and/or probable cause to do so.

## FIFTH AFFIRMATIVE DEFENSE:

116.    To the extent that the complaint alleges any claims arising under the laws of the State of New York, such claims are barred in whole or in part by reason of plaintiff's failure to comply with the requirements of the New York General Municipal Law, §§ 50-e, 50-h and/or 50-i.

## SIXTH AFFIRMATIVE DEFENSE:

117.    Defendants Castillo, Roca, Escalera and Nunez acted reasonably in the proper and lawful exercise of their discretion and have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

## SEVENTH AFFIRMATIVE DEFENSE:

118.    The individual defendants are immune from suit under state law for their exercise of discretion in the performance of a governmental function and/or their exercise of professional judgment.

## EIGHTH AFFIRMATIVE DEFENSE:

119.    Plaintiff has failed to mitigate his damages, if any.

## NINTH AFFIRMATIVE DEFENSE:

120.    At all times relevant to the acts alleged in the complaint, the duties and functions of the City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, the City has governmental immunity from liability under state law.

## TENTH AFFIRMATIVE DEFENSE:

121.    Punitive damages cannot be assessed as against The City of New York and the individual defendants in their official capacities.

122.

**WHEREFORE,** defendants The City of New York, Officer Luis Castillo, Officer Jorge Roca, Officer Diana Escalera and Officer John Nunez respectfully request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            January 21, 2016

                                    ZACHARY W. CARTER
                                    Corporation Counsel of the
                                      City of New York
                                    *Attorney for Defendants City of New York, Castillo, Roca, Escalera and Nunez*
                                    100 Church Street, Room 3-193
                                    New York, New York 10007
                                    (212) 356-3540
                                    ejacobs@law.nyc.gov


                        By:      _____/s/_____
                                    Elissa Jacobs
                                    Assistant Corporation Counsel
                                    Special Federal Litigation Division


TO:         Jeffrey Rothman, Esq.
            *Attorney for Plaintiff*
            315 Broadway, Suite 200
            New York, New York 10007