

**T**HE **C**ITY OF **N**EW **Y**ORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**ZACHARY W. CARTER**
*Corporation Counsel*

**Elissa B. Jacobs**
*Special Federal Litigation Division*
*212-356-3540*
*Facsimile: (212) 356-3509*
*ejacobs@law.nyc.gov*

March 21, 2016

**BY ECF**
Honorable Richard J. Sullivan
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: Bertolino v. City of New York, et al., 15 Civ. 7327(RJS)

Dear Judge Sullivan:

I am an attorney in the office of the Corporation Counsel of the City of New York, counsel for defendants City of New York and Officers Castillo, Roca, Escalera and Nunez. I write pursuant to Your Honor's Individual Rules to request a pre-motion conference with reference to defendants' proposed motion to partially dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants request permission to move to dismiss all claims related to plaintiff's September 27, 2013 arrest as plaintiff was arrested on the basis of an observation made by a complaining witness. Defendants further request permission to move to dismiss all claims against the Lt. Michael Gulinello as there are no allegations that he had any personal involvement in this case.

Plaintiff Vincent Bertolino has filed this action alleging violations of 42 U.S.C. § 1983 related to two incidents that are alleged to have occurred in the Union Square Subway Station. Plaintiff alleges, in substance, that, on September 27, 2013, he was falsely arrested by Officer Castillo after Officer Castillo was informed by a civilian that plaintiff had been masturbating on the subway platform. He further alleges that Lt. Labella was "listed on the police paperwork as the "supervisor on scene"" but "did nothing to verify whether plaintiff was engaged in lewd conduct." Comp. ¶ 25. Plaintiff further alleges, *inter alia*, that on June 19, 2014, he was falsely arrested for sleeping occupying multiple seats on a subway. Similarly, the only facts alleged against Lt. Gulinello are that he was listed as the "supervisor approving" on the police paperwork generated in connection with plaintiff's June 24, 2014 arrest. Comp. ¶ 40. As part of his Amended Complaint, plaintiff alleges additional and derivative claims for supervisory liability on the part of two supervisory defendants and a claim pursuant to Monell v. Department of Social Servs., 436 U.S. 658 (1978), against defendant City, as well as supplemental state law claims.

First, defendants are moving to dismiss all allegations regarding plaintiff's September 27, 2013 arrest. In his Complaint, plaintiff alleges that he was approached by Officer Castillo because a civilian told Castillo that plaintiff had been seen masturbating on the subway platform. Comp. ¶ 15. Plaintiff further alleges that Officer Castillo signed a Criminal Court complaint, stating that he was informed by a civilian that plaintiff had been masturbating on the subway platform. Comp. ¶ 21. Based on these facts, there was probable cause to arrest plaintiff. "[A] law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness.'" Wieder v. City of New York, 569 F. App'x 28, 29 (2d Cir. 2014) (quoting Panetta v. Crowley, 460 F.3d 388, 395 (2d Cir. 2006)). While plaintiff alleges that the civilian was "making faces at Plaintiff like a clown, and appeared to be deranged and unstable," (Comp. ¶ 14), courts do not "impose a duty on the arresting officer to investigate exculpatory defenses offered by the person being arrested or to assess the credibility of unverified claims of justification before making an arrest." Jocks v. Tavernier, 316 F.3d 128, 135-36 (2d Cir. 2003).[1] Therefore, all claims regarding plaintiff's arrest on September 27, 2013 should be dismissed.

Furthermore, all claims against Lt. Gulinello should be dismissed. Plaintiff has brought claims against Lt. Gulinello regarding the arrest that took place on June 19, 2014. According to plaintiff, Lt. Gulinello "is listed as the "supervisor approving" on the police paperwork generated in connection with Plaintiff's arrest. Comp. ¶ 40. It is well-settled in this Circuit that the personal involvement of defendants in a constitutional violation is a prerequisite to an award of damages under § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009); Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995). "[E]ach Government official . . . is only liable for his . . . own misconduct." Iqbal, 556 U.S. at 677. "[W]here the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." McCoy v. Goord, 255 F. Supp. 2d 233, 258 (S.D.N.Y. 2003) (quotation marks and citations omitted). Plaintiff has not made any allegations that Lt. Gulinello was personally involved in plaintiff's arrest and the mere fact that he is listed as a supervisor on the arrest paperwork does not rise to the level of personal involvement.

Furthermore, plaintiff also alleges that Lt. Gulinello as well as Lt. Labella and Richard Roes personally caused a violation of his rights by their and failure to properly train, supervise or discipline their subordinate employees. See Complaint at ¶ 64. Not only is this

---

[1] Plaintiff's allegations that he was arrested in retaliation for referring to "Castillo as an asshole" are irrelevant. Comp. ¶ 16. Courts have repeatedly held that "a claim for false arrest turns only on whether probable cause existed to arrest a defendant, and that it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest." Jaegly v. Couch, 439 F.3d 149, 154 (2d Cir. 2006) (citing Devenpeck v. Alford, 543 U.S. 146, 153-54 (2004)); see also Zellner v. Summerlin, 494 F.3d 344, 369 (2d Cir. 2007) ("[A]n arrest is not unlawful so long as the officer has knowledge of, or reasonably trustworthy information as to, facts and circumstances sufficient to provide probable cause to believe that the person arrested has committed any crime.") Since probable cause existed to arrest plaintiff based on the statements made by the complainant, allegations regarding Castillo's subjective reasons for the arrest are irrelevant to the analysis.

contention devoid of factual support, but supervisory liability has been largely if not entirely eliminated where, as here, a claim is predicated on an alleged constitutional violation committed by a subordinate.  See Iqbal, 129 S. Ct. at 1949.[2]   Therefore, all claims of supervisory liability should be dismissed.

   For the reasons stated above, defendants respectfully request a pre-motion conference with reference to defendants' proposed partial motion to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.   I thank the Court for its attention to this matter.

            Respectfully submitted,

              /S/

            Elissa B. Jacobs

cc: Jeffrey Rothmann, Esq. (by ECF)

---

[2] The language of the dissenting opinion in Iqbal is clear that the majority opinion eliminates supervisory liability: "Lest there be any mistake . . . the majority is not narrowing the scope of supervisory liability; it is eliminating . . . supervisory liability entirely." 129 S. Ct. at 692-93.  While some district court decisions have held that supervisory liability may survive Iqbal in limited circumstances, the Second Circuit has not yet addressed this issue.  See Warrender v. United States, 2011 U.S. Dist. LEXIS 15901 at *13-15 n.1 (E.D.N.Y. Feb. 17, 2011) ("Although the Second Circuit has not ruled on the precise issue of whether any of the [Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)] categories remain viable after Iqbal . . . the court agrees with other courts in this district which have found that most of the Colon categories have been superseded by Iqbal.").