**Jeffrey A. Rothman**
Attorney at Law
315 Broadway, Suite 200
New York, NY 10007
Tel.: (212) 227-2980; Cell: (516) 455-6873
Fax: (212) 591-6343
rothman.jeffrey@gmail.com

March 24, 2016

<u>By ECF and by Email</u>
The Honorable Richard J. Sullivan
United States District Court Judge
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: <u>Vincent Bertolino v. City of New York, et al.</u>; 15 Civ. 7327 (RJS)

Dear Judge Sullivan:

  I am counsel for Plaintiff in the above-captioned action, and write in response to Ms. Jacobs' pre-motion conference letter dated March 21, 2016.

  Concerning the September 27, 2013 incident, the fact that there was allegedly a complaining witness does not automatically provide probable cause to arrest. Where a complaining witness appears to be unreliable, probable cause does not exist based solely on the complaining witness' statements. *See*, <u>Jovanovic v. City of N.Y.</u>, 2006 U.S. Dist. LEXIS 59165, at *19-20 (S.D.N.Y. Aug. 17, 2006):

> The fact that a victim provides the police with information of an alleged crime does not, without more, establish probable cause. Rather, the officer has a duty to assess the reliability of the victim and, if circumstances call into doubt the victim's veracity, to investigate the allegations and corroborate them. As the Second Circuit explained in <u>Singer v. Fulton County Sheriff</u>, "[a]n arresting officer advised of a crime by a person who claims to be the victim, and who has signed a complaint or information charging someone with the crime, has probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity." 63 F.3d 110, 119 (2d Cir. 1995) (emphasis added). "[T]he failure to make a further inquiry when a reasonable person would have done so may be evidence of a lack of probable [20] cause." <u>Lowth v. Town of Cheektowaga</u>, 82 F.3d 563, 571 (2d Cir. 1996) (internal quotation marks omitted); see also <u>Bullard v. City of New York</u>, 240 F. Supp. 292, 2003 WL 168444, at *4 (S.D.N.Y. 2003) (denying a motion to dismiss where the facts as alleged by the plaintiff in his complaint established that the victim was not a reliable source of probable

cause, and yet "the defendants did nothing to investigate the allegations, corroborate them, or pursue [the plaintiff's] claims that he was innocent.").

In this case Plaintiff has alleged that the complaining witness, Moises Perez, appeared to be deranged and unstable. *See*, 2nd Am. Compl. ¶¶ 14, 16, and 25. Further, if Defendants do make a motion to dismiss, Plaintiff will amend as of right to further allege (based upon documents provided with Defendants' initial disclosures) that Officer Castillo lied during a subsequent internal NYPD investigation concerning the incident, and changed the narrative to then claim that he had himself seen Plaintiff masturbating[1]. Here is the summary of the investigating officer's interview with Officer Castillo:

> Officer Castillo was informally interviewed regarding the incident on September 27th, 2013. Officer Castillo stated he was working a 2315x0750 tour of duty and assigned to foot patrol as a conditions post. Officer Castillo stated he was inside the Transit District Four stationhouse at approximately 0630 hours on the date in question, when a passenger entered the District and stated that there was a man on the "L" train platform masturbating on the bench. Officer Castillo stated he proceeded to the "L" platform to conduct an investigation. Officer Castillo stated when he arrived on the platform, he observed Mr. Bertolino in plain view, with his erect penis exposed. Officer Castillo stated Mr. Bertolino was lying down on a bench stroking his exposed erect penis in front of numerous passengers located on the platform. Officer Castillo states at approximately 0640 hours he subsequently placed Mr. Bertolino under arrest and took Mr. Bertolino back to the Transit District Four station house.

None of the arrest or prosecution paperwork indicates anywhere there Officer Castillo himself saw Plaintiff masturbating, which it certainly would have if he had claimed to have so observed contemporaneous with the arrest. Rather, he manufactured that lie long after the incident, when he was interviewed as part of the NYPD's internal investigation. This further casts doubt as to what Mr. Perez actually told Officer Castillo on the date of the incident (indeed, whether he ever told Officer Castillo anything at all on the date of the incident, or whether he knew Officer Castillo or other officers from that precinct from prior interactions, or was a regular police informant, or otherwise).

Concerning the June 19, 2014 incident and Lt. Gulinello, he is listed on the police paperwork generated in connection with Plaintiff's arrest as the "supervisor approving," and thus has a personal involvement in the violation of Plaintiff's rights, which included, during this incident, the arresting Officers unlawfully accessing information about Plaintiff's sealed arrest from September 27, 2013. *See*, 2nd Am. Compl. ¶ 34. Further, if Defendants do make a motion to dismiss, Plaintiff will amend as of right to further allege that Ms. Jacobs' colleague at the NY City Law Department has recently admitted, as quoted in the Daily News, that the NYPD believes - totally incorrectly - that they have the right to access sealed information without court approval. *See*, Daily News, <u>NYPD has unrestricted access to sealed criminal records, says city</u>

---

[1] Plaintiff, of course, denies masturbating in the subway station, and so it is impossible that either of Mr. Perez or Officer Castillo, or anyone else, saw him doing that.

attorney, by Stephen Rex Brown, March 16, 2016, viewable at
http://www.nydailynews.com/new-york/nypd-unrestricted-access-sealed-criminal-records-article-1.2567334 :

> The NYPD "is permitted to access and/or use sealed information for a variety of reasons, including for the purposes of investigating crimes and/or apprehending suspects," city attorney Daniel Passeser wrote in an email.

Given that he was the "supervisor approving" for Plaintiff's June 19, 2014 arrest, it also is plausible that he was personally involved in the retaliatory decision to discard Plaintiff's handwritten play that contained content critical of the police.  *See*, 2nd Am. Compl. at ¶ 55.

Lastly, the Second Circuit has continued to use all of the categories of supervisory liability from Colon v. Coughlin following the Supreme Court's decision in Ashcroft v. Iqbal, and opposing counsel's gloss on the state of the law in this regard is simply incorrect.  *See*, Tchatat v. City of N.Y., 2015 U.S. Dist. LEXIS 115093, at *20-21 (S.D.N.Y. Aug. 28, 2015)

> To state a claim for supervisory liability under § 1983, a plaintiff must plead "individual, personalized liability on the part of each [] defendant." Raspardo v. Carlone, 770 F.3d 97, 116 (2d Cir. 2014); accord Iqbal, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each [] defendant, through the official's own individual actions, has violated the Constitution."). A plaintiff may demonstrate that a supervisory defendant was personally involved in the alleged constitutional violation through evidence that:
>
>> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [plaintiffs] by failing to act on information indicating that unconstitutional acts were occurring.
>
> Raspardo, 770 F.3d at 116 (quoting Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)).

I thank the Court for its consideration in this matter.

                                                Respectfully submitted,

                                                /S/

                                                Jeffrey A. Rothman

cc: Elissa Jacobs, Esq. (by ECF and email)