# Jeffrey A. Rothman

Attorney at Law
315 Broadway, Suite 200
New York, NY 10007
Tel.: (212) 227-2980; Cell: (516) 455-6873
Fax: (212) 591-6343
rothman.jeffrey@gmail.com

April 11, 2016

<u>By ECF and by Email</u>
The Honorable Richard J. Sullivan
United States District Court Judge
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    <u>Vincent Bertolino v. City of New York, et al.</u>; 15 Civ. 7327 (RJS)

Dear Judge Sullivan:

      Per Your Honor's Order dated 1/13/16 the parties write jointly to respectfully provide the following information:

**1.    A brief statement of the nature of this action and the principal defenses thereto**

      This civil rights action alleging police misconduct arises under the United States Constitution, 42 U.S.C. §1983. Plaintiff's claims arise from events occurring on September 27, 2013 and June 19, 2014 and thereafter in which, it is alleged, officers of the New York City Police Department, *inter alia*, falsely arrested him and abused process against him, and illegally accessed his sealed information and wrongfully discarded his personal property, in violation of his rights under the First, Fourth and Fourteenth Amendments to the United States Constitution and New York State law.

      Defendants allege that there was probable cause for both of these arrests. As discussed in their pre-motion conference letter, there was probable cause for the September 27, 2013 arrest as officers were informed by a complaining witness that plaintiff had committed a crime. Furthermore, Officers Roca and Escalera had probable cause, or at the very least arguable probable cause, to arrest plaintiff on June 19, 2014 for violations of the transit laws. No officer illegally accessed his sealed information, and no personal property was discarded.

**2.    A brief explanation of why jurisdiction and venue lie in this Court**

      Federal question jurisdiction exists for this civil rights case brought pursuant to 42 U.S.C. § 1983. The arrests in question occurred in Manhattan, and the City of NY is a Defendant, and

venue is thus proper pursuant to 28 U.S.C. §1391 (a), (b) and (c).  Jurisdiction and venue in this Court are not disputed.

**3.	A brief description of all outstanding motions and / or outstanding requests to file motions.**

Defendants have submitted a pre-motion conference letter seeking leave to file a partial motion to dismiss, and Plaintiff has responded.  Your Honor has issued an order designating the May 6, 2016, Noon conference as both an Initial Pre-Trial Conference and a Pre-Motion Conference.

**4.	Confirmation of the date on which Plaintiff served a § 160.50 Release and, if applicable, Medical Release on Defendant(s) and the date on which Defendant's answer is therefore due.**

CPL § 160.50 unsealing releases, one for each of the 9/27/13 arrest and prosecution and the 6/19/14 arrest and prosecution, were provided to Defendants along with service of the original summons and complaint on October 26, 2015.  An Amended Complaint was subsequently filed, and Defendants filed an Answer to the Amended Complaint on 1/21/16.  As noted above, Defendants have not yet answered the Second Amended Complaint, but have submitted a pre-motion conference letter concerning their anticipated partial motion to dismiss that the parties will be discussing with the Court on May 6, 2016

**5.	A brief description of any discovery that has already taken place, and that which will be necessary for the parties to engage in meaningful settlement discussions.**

The parties have exchanged initial disclosures under the "Plan."   Certain disciplinary and background records / information are still owed to Plaintiff by Defendants under the "Plan."  The parties have a "Plan" mediation scheduled for April 21, 2016.

**6.	A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions.**

Plaintiff has made his "Plan" demand, and Defendants have responded with a "Plan" offer.  Counsel have themselves discussed potential settlement on 3/17/16 for approximately ten minutes, and on 2/12/16 also had a telephone conference call with the "Plan" mediator for approximately five minutes.

**7.	The estimated length of trial.**

Approximately 4-7 days.

**8.     Any other information that you believe may assist the Court in resolving this action.**

None at this time.

The parties thank the Court for its consideration in this matter.

                                              Respectfully submitted,

                                               /S/

                                               Jeffrey A. Rothman
                                             Counsel for Plaintiff

                                             /S/

                                               Elissa Jacobs
                                             Counsel for Defendants