UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/6/16
```

Vincent Bertolino,

                Plaintiff[s],

-v-

THE CITY OF NEW YORK and et al.,

                Defendant[s].

No. 15 Civ. 7327 (RJS)
CASE MANAGEMENT PLAN AND
SCHEDULING ORDER FOR § 1983 CASE

RICHARD J. SULLIVAN, District Judge:

    Pursuant to Rules 16-26(f) of the Federal Rules of Civil Procedure, and the Southern District of New York's "Plan For Certain § 1983 Cases Against the City of New York" (the "§ 1983 Plan"), the Court hereby adopts the following Case Management Plan and Scheduling Order for § 1983 Case.

1. All parties **do not consent** to disposition of this case by a Magistrate Judge, pursuant to 28 U.S.C. § 636(c). [*Please choose one.*] [*If all consent, the remainder of the Order need not be completed at this time.*]

2. This case **is** to be tried to a jury. [*Please choose one.*]

3. Except as provided in paragraph 8 below, no additional parties may be joined and no amended pleadings may be filed without leave of the Court.

4. Pursuant to paragraph 1 of the § 1983 Plan, a § 160.50 Release and any applicable Medical Releases were served on Defendant(s) on **October 26, 2015**.

5. Pursuant to paragraph 3 of the § 1983 Plan, Defendant(s) answer in this case is due/was filed on **Answer to Amended Complaint filed 1/21/16**.

6. Pursuant to paragraph 4 of the § 1983 Plan, a Rule 26(f) conference shall be held on or before **held** [*within 14 days after the first defendant files its answer*] and initial disclosures shall be exchanged on or before **already exchanged** [*within 21 days after the first defendant files its answer*].

7. The limited discovery described in paragraph 5 of the § 1983 Plan shall be completed on or before **4/15/16 (should have been completed already)** [*within 28 days after the first defendant files its answer*].

8.     Pursuant to paragraph 6 of the § 1983 Plan, the deadline to amend the complaint to name additional defendants without leave of Court shall be  already done. *[within 6 weeks after the first defendant files its answer]*.

9.     Pursuant to paragraph 7 of the § 1983 Plan, the deadline for plaintiff to serve a written settlement demand on the City shall be  already done  *[within 6 weeks after the first defendant files its answer]* and the City shall provide a response in writing by  already done  *[within 14 days of plaintiff's demand]*.

10.     Pursuant to paragraph 8 of the § 1983 Plan, the parties must appear for a settlement conference with the Southern District's Mediation Program on or before  mediation scheduled for 4/21/16  *[within 3 months after the first defendant files its answer]*. All counsel must also meet for at least one hour to discuss settlement not later than two weeks following the close of fact discovery.

11.     All <u>fact</u> discovery is to be completed no later than  9/30/16 . *[A period not to exceed 120 days unless the case presents unique complexities or other exceptional circumstances]*.

12.     The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in ¶ 11 above.

    a.     Interrogatories shall be served by  5/31/16 .

    b.     Depositions shall be completed by  9/30/16 .

        i.     Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded to initial requests for document production.

        ii.     There is no priority in deposition by reason of a party's status as a plaintiff or a defendant.

        iii.     Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

    d.     Requests to Admit shall be served no later than  7/29/16 .

13. All *expert* discovery, including disclosures, reports, production of underlying documents, and depositions shall be completed pursuant to the following deadlines:

    a. Expert(s) of Plaintiff(s)   experts not anticipated   .

    b. Expert(s) of Defendant(s)   experts not anticipated   .

    *[The parties shall be prepared to describe their contemplated expert discovery and the bases for their proposed deadlines at the initial conference.]*

14. All discovery shall be completed no later than 9/30/16   .

15. The Court will conduct a post-discovery conference on Oct. 28, 2016 at 10:30 a.m. **[To be completed by the Court.]**

16. If either party contemplates a motion, the post-discovery conference will function as a pre-motion conference. Pre-motion letters are to be submitted by Sept. 30, 2016   . **[To be completed by the Court.]** Pursuant to Rule 2.A of the Court's Individual Practices, responses to pre-motion letters are to be submitted within three business days from the date of submission of the initial pre-motion letter. Pre-motion letters and responses shall be submitted pursuant to Rule 1.A of the Court's Individual Rules Practice.

17. If neither party contemplates a dispositive motion, the post-discovery conference will function as a pre-trial conference at which a trial date will be set.

18. Parties have conferred and their present best estimate of the length of trial is 4-7 days   .

19. In the case of a discovery dispute, unless otherwise directed, parties should describe their discovery disputes in a <u>single letter, jointly composed, not to exceed five pages</u>. Separate and successive letters will not be read. Strict adherence to Fed. R. Civ. P. 37(a)(1), the "meet and confer" rule, is required, and should be described in the joint submission as to time, place and duration, naming the counsel involved in the discussion. The joint letter shall describe concisely the issues in dispute and the respective position of each party, citing the applicable authority that the respective parties claim for support. As a general matter, affidavits or exhibits are **not** permitted in connection with discovery dispute letters without prior written request and permission. However, when the dispute concerns the refusal to respond to a specific written request, the parties shall attach that request. If an opposing party refuses to participate in writing a joint letter or does not provide its portion of a joint letter within 72 hours of a party's request, a party may submit a letter without the opposing party's contribution and shall attach a copy of the correspondence seeking the opposing party's contribution.

16. No request for an extension of the deadlines set forth in ¶¶ 11 or 14 shall be granted unless the parties seeking the extension show good cause for the extension and specifically explain (1) what discovery has already been completed, (2) what discovery remains to be done, and (3) why the parties were unable to comply with the preexisting deadlines. As a general matter, the Court will not adjourn a deadline by more than the number of days remaining from the time of the request to the original deadline. (That is, if at the time of the request there are twenty days left before the deadline, the Court will not adjourn the deadline more than twenty days.)

SO ORDERED.

DATED: May 6, 2016
New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE