# Jeffrey A. Rothman
Attorney at Law
315 Broadway, Suite 200
New York, NY 10007
Tel.: (212) 227-2980; Cell: (516) 455-6873
Fax: (212) 591-6343
rothman.jeffrey@gmail.com

August 19, 2016

By ECF and by Email
The Honorable Richard J. Sullivan
United States District Court Judge
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   Vincent Bertolino v. City of New York, et al.; 15 Civ. 7327 (RJS)

Dear Judge Sullivan:

Per Your Honor's Individual Practices, the parties write jointly to respectfully request a ruling concerning a discovery dispute.

Plaintiff's Application

Plaintiff respectfully requests an Order requiring Defendant City of New York to produce all documents and information in their possession concerning non-party Moises Perez. As the Court may recall, Mr. Perez apparently accused the Plaintiff of publicly masturbating in the Union Square Subway station, and Defendant members of the NYPD then arrested Plaintiff for public lewdness. Plaintiff has alleged that Mr. Perez was visibly deranged and unstable, and making faces like a clown while the police interacted with Plaintiff, and that the unreliable report of a visibly deranged and unstable individual did not provide probable cause to arrest Plaintiff for public lewdness. Your Honor, by Order dated May 9, 2016 (docket # 36), Ordered that "Defendants shall produce the contact information for the witness Moises Perez to Plaintiff." Officer Castillo, Plaintiff's arresting officer during that incident, has testified at his deposition that Mr. Perez did not seem to him to be deranged or unstable, and seemed normal and fine. There is thus a significant fact dispute as to whether Plaintiff's description of Mr. Perez, or Officer Castillo's description, is the more accurate description.

My process server has thus far attempted twice, unsuccessfully, to serve Mr. Perez with a subpoena at the address provided for him in Brooklyn by Defendants. Defendants originally gave me an address without an apartment number at a multi-residence apartment building, and service was rendered impossible thereby. I then asked opposing counsel for his apartment number. Opposing counsel in response emailed me and provided me an apartment number that

she said she had obtained through further investigation.  When I asked for the source of this information (as it should have been provided to me initially), opposing counsel stated by email dated July 22, 2016 that "[h]e provided this information to the NYPD in an unrelated matter.  I believe it is self-reported, so I can't say for certain that it is true." (emphasis added).

My process server has recently again attempted to serve Mr. Perez at the apartment number provided by the City, but the current resident states that he moved out 8 months ago.  My process server ran a DMV search on Mr. Perez based upon his date of birth (which I received via subpoena from the District Attorney's office), and found that he does not have a driver's license, but has a New York State identification with this same Brooklyn address that he has apparently left 8 months ago.  My process server will now do a U.S. Postal Service check on him, which takes 4-6 weeks.  Beyond that, I am presently out of options to find Mr. Perez absent further information about him.  Trying to track down Mr. Perez in order to serve him with a subpoena has already been very time-consuming and expensive.

On May 10, 2016 Plaintiff served an Interrogatory (and related document request) No. 4 upon Defendants which requested as follows:

> Identify all members of the NYPD with knowledge concerning Moises Perez, and identify any documents in the possession, custody, and control of the City of New York concerning Moises Perez, or otherwise concerning Moises Perez.

On June 20, 2016, Defendants provided their late, unverified discovery responses.  Defendants subsequently, on July 11, 2016 provided responses that were verified by some of the Defendants.  Defendants' July 11, 2016 response to Interrogatory (and related document request) No. 4 was:

> Defendants object to Interrogatory No. 4 on the grounds that it is vague, ambiguous, overbroad, and assumes facts not established.  Defendants further object to this request on the grounds that it is an invasion of privacy and that the information may be protected by C.P.L. 160.50.  Notwithstanding, and without waiving or in any way limiting these objections or the General Objections, pursuant to Fed. R. Civ. P. 33(d), Defendants refer Plaintiff to their Initial Disclosures and to the previously disclosed documents bearing Nos. DEF 1-5, 13-24, 26, 48, and 82-83, which identify Officers Castillo and Officer Lopez.

All of the documents referenced stem from the incident at issue in this case.  All information about Mr. Perez in the City's possession (including but not limited to whatever "unrelated matter" involving the NYPD that opposing counsel referenced in her email) should be ordered produced.  In addition to helping me to find Mr. Perez (possibly with the assistance of a private investigator, if such becomes necessary) so that he can be served with a subpoena, I need this information to help prove circumstantially that Plaintiff's description of him as deranged and unstable was accurate, that the police testimony about him appearing normal and stable is false, and that there may have further been background information about him readily available to Defendants that would have called his reliability into question that was either not checked when

it should have been, or which was improperly overlooked or ignored.  Certainly any arrest records, or other complaints Mr. Perez has made, or that have been made about him, to any City agencies should be ordered produced, and if there are any records of mental health treatment by any City medical provider (any New York City Health and Hospital Corporation, Correctional Health Services, or other such providers) they should be ordered produced.  I have no objection to an appropriate protective order being put in place with regard to these potentially sensitive records, and will not show them to anyone except for Plaintiff and any expert witness(es) (which are not, in any event, presently anticipated).  If any of these records are sealed or otherwise would be privileged, it is Plaintiff's position that Mr. Perez has waived those objections to disclosure (which opposing counsel may not advance on his behalf, as she does not represent him) in this litigation by making such an accusation against Plaintiff, which resulted in Plaintiff's arrest and prosecution for public lewdness.

     I discussed this issue in person with opposing counsel recently at Office Castillo's deposition (which was held over two days, on July 28th and on August 2nd), and again at the end of last week by email, but her position as enunciated in Defendants' response to Interrogatory (and related document request) No. 4 remains unchanged.

     Lastly, I note that I am presently in Hawaii with my family, and will not be returning to New York until September 4, 2016.  If the Court wishes to discuss these matters prior to my return by phone, I will make myself available at the Court's convenience (in the afternoon EST is respectfully requested, as I am 6 hours behind EST).  Otherwise, if the Court wishes to discuss these matters in person, I respectfully request that that be scheduled for after Labor Day.

Defendants' Response

     Plaintiff's outrageous request for documents containing highly personal information about a complaining witness must be denied as they are intrusive and irrelevant.  As background, in accordance with the Court's Order, I turned over the complainant's address as it appeared on documents in this case.  Though no such request was made by this office, an officer brought to my attention other unrelated documents which revealed the apartment number associated with that address.  In order to comply with the spirit of Your Honor's Order, I turned over the apartment number.  However, as no good deed goes unpunished, plaintiff now makes this application seeking any arrest records pertaining to this non-party, as well as any records in the City's possession pertaining to his mental health.

     Plaintiff argues that the complainant has lost all rights to protect information collected by the City of New York about him simply because he reported a crime.  Ignoring for the moment that this information has no legal impact on the case, permitting discovery into witnesses' background would discourage the public from reporting crimes when they see them if their personal information is subject to discovery in a subsequent civil lawsuit.  Police officers are not all-seeing, and depend on the public to report crimes or suspicious activity without fear of reprisal. Courts routinely grant protective orders to complainants in order to provide them with some protection, and for similar reasons, this office does not turn over complainant's personal information absent a Court Order and a confidentiality stipulation.  The MTA's omnipresent

statement is "If you see something, say something," not "If you see something, say something, and then we investigate your fitness to make a report." Purely on public policy grounds, this request must be denied.

Plaintiff is not suing the complainant for making a false complaint, presumably because he lacks the deep pockets of the City, but is arguing that he should be permitted access to all of the City's records to discredit and smear an individual who reported a crime. Neither the NYPD nor any other City agency are investigative units for the purposes of this lawsuit. This office does not access these records, absent an unsealing order, for <u>plaintiffs</u> who file lawsuits, let alone non-parties. Plaintiff is seeking these documents, none of which were accessed by the police during plaintiff's arrest, to help prove plaintiff's case through circumstantial evidence. Plaintiff's claims stem from the allegations that the complainant was making faces at the plaintiff, leading plaintiff to believe that the complainant was deranged and unstable. Plaintiff wants access to the individual's mental health records in the hope that he will discover that the complainant had some sort of disability and therefore, that the police should never have believed anything the complainant said. He is seeking records from the NYPD in order to demonstrate that someone with a criminal record cannot credibly report a crime.[1]

Not only are plaintiff's requests outrageously invasive, the information he seeks is simply irrelevant to the case. As discussed in defendant's pre-motion request, plaintiff alleges that he was approached by Officer Castillo because a civilian told Castillo that plaintiff had been seen masturbating on the subway platform. Comp. ¶ 15. Plaintiff further alleges that Officer Castillo signed a Criminal Court complaint, stating that he was informed by a civilian that plaintiff had been masturbating on the subway platform. Comp. ¶ 21. While plaintiff alleges that the civilian was "making faces at Plaintiff like a clown, and appeared to be deranged and unstable," (Comp. ¶ 14), courts do not "impose a duty on the arresting officer to investigate exculpatory defenses offered by the person being arrested or to assess the credibility of unverified claims of justification before making an arrest." <u>Jocks v. Tavernier</u>, 316 F.3d 128, 135-36 (2d Cir. 2003). <u>See</u> <u>also</u> <u>Hendrix v. City of New York, et al.</u>, No. 12 CV 5011 (ILG) (CLP), 2013 U.S. Dist. LEXIS 179259, at *17 (E.D.N.Y. Dec. 20, 2013) (finding a complainant's extensive criminal history irrelevant to police officer's determination that there was probable cause for plaintiff's arrest and dismissing the false arrest claims.)

Plaintiff should not be permitted to investigate the personal and potentially sensitive materials in order to pursue an invasive and ultimately irrelevant avenue of questioning. Plaintiff's motion must be denied.

---

[1] Plaintiff argues that he needs to know whether the officers investigated the complainant, but plaintiff's counsel never asked Officer Luis Castillo, the arresting officer for this arrest, whether he looked up the complainant's criminal history, or had any knowledge of it at the time the arrest was made.

The parties thank the Court for its consideration in this matter.

                                      Respectfully submitted,

                                      /S/

                                      Jeffrey A. Rothman
                                      Counsel for Plaintiff

                                      /S/

                                      Elissa Jacobs
                                      Counsel for Defendants