UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/1/16

VINCENT BERTOLINO,

                  Plaintiff,

-v-

CITY OF NEW YORK, *et al.*,

                  Defendants.

No. 15-cv-7327 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

      Plaintiff brings suit pursuant to 42 U.S.C. § 1983 against the City of New York, Police Officers Luis Castillo and FNU Lopez (the "Arresting Officers"), and others, alleging, *inter alia*, that he was arrested without probable cause on the subway platform in the Union Square subway station in Manhattan on September 27, 2013 in violation of the Fourth and Fourteenth Amendments of the United States Constitution. (Doc. No. 28 ("Second Amended Complaint" or "SAC") ¶¶ 61, 80–82.) Specifically, Plaintiff asserts that he was falsely accused by a third party – Moises Perez – of publicly masturbating on the subway platform, which prompted the Arresting Officers to arrest Plaintiff for public lewdness. (*Id.* ¶ 21.) Plaintiff denies engaging in this behavior and alleges that the Arresting Officers violated his civil rights by relying on Perez, whom Plaintiff contends was making faces like a clown and was obviously "deranged and unstable." (*Id.* ¶ 14.)

      On May 9, 2016, the Court ordered Defendants to produce Perez's contact information to Plaintiff so that Perez may be served with a subpoena. (Doc. No. 36.) Defendants have provided Plaintiff with Perez's address in compliance with the Court's order, but Plaintiff's two attempts

to serve Perez have thus far been unsuccessful. (Doc. No. 43 ("Joint Letter") at 1.) In fact, the current resident at the address provided by Defendants informed Plaintiff's process server that Perez moved away approximately eight months ago to an unknown address. (*Id.* at 2.) On May 10, 2016, Plaintiff also served an interrogatory and related document request upon Defendants, which directed Defendants to "[i]dentify all members of the NYPD with knowledge concerning Moises Perez, and identify any documents in the possession, custody, and control of the City of New York concerning Moises Perez, or otherwise concerning Moises Perez." (*Id.*) Although Defendants acknowledge that they possess additional information regarding Perez related to at least one other arrest, Defendants have not produced this information and have objected to the interrogatory on the grounds that it is vague, ambiguous, and overbroad. (*Id.* at 2.)

The Court is now in receipt of a joint letter from the parties, dated August 19, 2016, in which Plaintiff requests that the Court compel Defendants to produce "all documents and information in their possession concerning . . . Perez." (Joint Letter 1.) For the reasons set forth below, Plaintiffs' request is granted in part and denied in part.

The Federal Rules of Civil Procedure afford district courts "broad discretion in deciding motions to compel." *Alzheimer's Found. of Am., Inc. v. Alzheimer's Disease & Related Disorders Ass'n, Inc.*, No. 10-cv-3314 (RWS), 2016 WL 1659316, at *1 (S.D.N.Y. Apr. 15, 2016) (citing *Grand Cent. P'ship. Inc. v. Cuomo,* 166 F.3d 473, 488 (2d Cir. 1999)). A party is entitled to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In assessing proportionality, Rule 26 instructs the Court to consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information,
2

the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

The Court must first determine whether Plaintiff's requested discovery is relevant. Plaintiff's claim for false arrest hinges largely on whether the Arresting Officers had probable cause at the time of Plaintiff's arrest. *See Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest." (internal quotation marks omitted)). As the Second Circuit has explained, "[p]robable cause to arrest exists when the officers have knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010). In assessing whether officers had probable cause to make an arrest, the Court's "inquiry is an objective one that focuses on the facts available to the arresting officer at the time of the arrest." *Finigan v. Marshall*, 574 F.3d 57, 61–62 (2d Cir. 2009).

Here, Plaintiff alleges that the Arresting Officers unreasonably relied on Perez's report in arresting Plaintiff on September 27, 2016 because Perez was "visibly deranged and unstable." (Joint Letter 1.) Obviously, documents in Defendants' possession that pertain to Perez's activities on the evening of September 27, 2013 and the Arresting Officers' knowledge of Perez's mental stability at the time of Plaintiff's arrest are relevant to assessing the reasonableness of the Arresting Officers' reliance on Perez's statements and must be produced. However, the Court finds Plaintiff's proposed fishing expedition into *all* of Defendants' records regarding Perez to be overbroad and not proportional to the needs of the case. Because the

probable cause inquiry is "objective" and centers entirely on "the facts available to the arresting officer at the time of the arrest," *see Finigan*, 574 F.3d at 61–62, evidence concerning Perez's prior interactions with the police and Perez's alleged mental health issues are relevant only to the extent the Arresting Officers knew or should have known about them at the time of Plaintiff's arrest on September 27, 2013. Furthermore, the Court agrees with Defendants that document requests related to Perez should be narrowly tailored to protect the privacy interests of Perez, a non-party, *see During v. City Univ. of New York*, No. 05-cv-6992 (RCC), 2006 WL 2192843, at *5 (S.D.N.Y. Aug. 1, 2006) ("A litigant himself must reasonably anticipate that his personal matters will be disclosed, while a non-party having no stake in the litigation retains a greater expectation of privacy."), particularly with respect to records regarding Perez's medical and mental health, *see Olszewski v. Bloomberg L.P.*, No. 96-cv-3393 (RPP), 2000 WL 1843236, at *2 (S.D.N.Y. Dec. 13, 2000) (recognizing the "privacy interest in keeping one's medical and mental health records confidential").

Defendants also argue, without citing *any* legal authority, that Plaintiff's document request should be denied in its entirety on public policy grounds. Specifically, Defendants warn that authorizing discovery regarding complaining "witnesses' background would discourage the public from reporting crimes when they see them." (Joint Letter 3.) The Court agrees that the City "has a legitimate public policy interest in preventing the disclosure of the names of confidential informants," and therefore, Defendants are authorized pursuant to the qualified "informer's privilege" to "'withhold from disclosure the identity of persons who furnish information of violations of law'" to police. *Ayala v. City of New York*, No. 04-cv-1102 (DC), 2004 WL 2914085, at *1 (S.D.N.Y. Dec. 16, 2004) (quoting *Roviaro v. United States,* 353 U.S.

53, 59 (1957)). However, the informant's privilege has no application here, because Perez's identity has already been disclosed to Plaintiff, *see, e.g.*, *U.S. Commodity Futures Trading Comm'n v. Parnon Energy Inc.*, No. 11-cv-3543 (WHP), 2014 WL 2116147, at *3 (S.D.N.Y. May 14, 2014), and for the independent reason that the Arresting Officers' finding of probable cause allegedly "rest[ed] essentially on [Perez's] statements," thereby making examination of Perez "the only means by which [Plaintiff] can test the fact that such information was actually received as the [officer] claims, the means of the informant's knowledge, and the reasons why the [officer] considered it to be reliable," *Creighton v. City of New York*, No. 12-cv-7454 (PGG), 2015 WL 8492754, at *7 (S.D.N.Y. Dec. 9, 2015) (quoting *United States v. Manning*, 448 F.2d 992, 995 n.1 (2d Cir. 1971)). Accordingly, the Court finds Defendants' public policy argument to be unpersuasive.

Next, Defendants argue that certain information related to Perez "may be protected by N.Y.C.P.L. § 160.50." (Joint Letter 2, 4.) It is true that Section 160.50 "mandates the sealing of official records relating to criminal proceedings that terminate in favor of the accused." *State v. John S.*, 23 N.Y.3d 326, 333 (2014). However, Defendants point to no specific documents that may require sealing pursuant to Section 160.50. Thus, the Court has no basis for denying production of any documents in Defendants' possession pursuant to Section 160.50.

Accordingly, IT IS HEREBY ORDERED that Defendants shall produce documents in their possession pertaining to (1) Perez's activities on the evening of September 27, 2013, and (2) facts regarding Perez's mental stability and reliability that the Arresting Officers knew or should have known at the time of the arrest.

The parties are reminded that all discovery must be complete in this case no later than September 30, 2016. (Doc. No. 35.) This deadline will not be extended absent highly compelling and unforeseen circumstances.

SO ORDERED.

Dated:     August 31, 2016
           New York, New York

_____<br>
RICHARD J. SULLIVAN<br>
UNITED STATES DISTRICT JUDGE