Jeffrey A. Rothman
Attorney at Law
315 Broadway, Suite 200
New York, NY 10007
Tel.: (212) 227-2980; Cell: (516) 455-6873
Fax: (212) 591-6343
rothman.jeffrey@gmail.com

September 6, 2016

<u>By ECF and by Email</u>
The Honorable Richard J. Sullivan
United States District Court Judge
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    <u>Vincent Bertolino v. City of New York, et al.</u>; 15 Civ. 7327 (RJS)

Dear Judge Sullivan:

    I am counsel for Plaintiff in the above-captioned action, and write to oppose Ms. Jacobs' application of today (docket # 45), which seeks an extension of time for Defendants to answer the Second Amended Complaint in this matter. I have today filed a Request to Enter Default (docket # 46, and exhibits 46-1, and 46-2). Once the Clerk's Certificate of Default is issued I will proceed with the Default Judgment Procedure set forth in Your Honor's Individual Practices.

    Opposing counsel's application should be denied, under the particular circumstances presented herein, for a number of reasons:

> (1) Opposing counsel raised an utterly meritless objection to Plaintiff's filing of the Second Amended Complaint. *See*, Your Honor's memo endorsed Order (endorsed upon my letter, which set forth opposing counsel's objection) dated March 4, 2016 (electronically docketed on March 7, 2016 as docket # 27), which directed the clerk to accept the filing of the Second Amended Complaint. The Second Amended Complaint was filed on March 7, 2016 (docket # 28). Opposing counsel took the position (which the Clerk's office had confirmed for me was incorrect) that I needed her consent to file the Second Amended Complaint. This was simply flatly incorrect under Section 6 of Local Civil Rule 83.10.

> (2) Opposing counsel writes in her letter that at the May 6, 2016 conference, the Court "denied defendants' motion and Ordered that discovery continue." That is true, of course, but opposing counsel fails to mention that the Court denied the

motion in part due to the fact that opposing counsel failed to appear for the conference.  *See*, Your Honor's Order dated May 9, 2016 (docket # 36), noting that "[t]he Court is in receipt of Defendants' counsel's letter apologizing to the Court and to Plaintiff's counsel, and acknowledging that she neglected to write the correct time for the conference in her calendar. (Doc. No. 34.)"

(3)  The excuse now, once again, proffered for Defendants' failure to answer the Second Amended Complaint is that Ms. Jacobs "did not calendar the deadline and defendants failed to propound an answer."

(4)  In another case I had with Ms. Jacobs she was chastised by Judge Engelmeyer for her failure to answer the Complaint, even after Judge Engelmeyer's chambers had contacted her about it and I was invited to move for default.  Ms. Jacobs in that case only sought leave to file a late answer after that default judgment application was made.  *See*, Hawkins v. City of New York, et al.; 12 Civ. 6411 (PAE), docket # 11, where Judge Engelmeyer writes in his Order as follows:

> In her letter, counsel for defendants refers to "defendants' alleged failure to timely respond to the complaint," and characterizes it as an "administrative error." Def. Letter at 2. Counsel for defendants thereby badly minimizes the character of defendants' lapses in this case. In fact, on January 4, 2013, the Court's law clerk spoke with defense counsel on the phone, who confirmed that under the Plan, defendants' answer was due on February 8, 2013. After that deadline had passed, in late February 2013, the Court's law clerk again contacted defense counsel and left a voice mail inquiring about an answer. Given the reminders, defendants' counsel cannot credibly ascribe her failure to answer to an "administrative error." That term may apply when counsel, due to a technological or record-keeping glitch, lacked actual notice of a deadline. But it is an inaccurate and misleading euphemism where, as here, the Court has specifically reminded counsel of the pending deadline.
>
> Moreover, after the Court issued its March 27, 2013 Order detailing the missed deadline in the case and inviting plaintiff to submit a motion for default judgment, defendants remained silent. At that point, an answer, a letter, or even a call to chambers could have resolved the matter and set this case on a rational schedule. Instead, counsel for defendants irresponsibly continued to ignore the case[1].

The Court should not permit opposing counsel to baselessly oppose the amendment of the complaint in this case, and then repeatedly mis-calendar (or fail to calendar at all) important

---

[1] Judge Engelmeyer in that same Order contemplated the issuance of sanctions based upon Ms. Jacobs' malfeasance, to be discussed at the upcoming default judgment hearing.  The case settled shortly thereafter, however, and the default judgment hearing was never held.

dates like court conferences and dates to answer, especially in light of Judge Engelmeyer's Order in <u>Hawkins</u> quoted from above. At some point enough is enough. Opposing counsel's application should therefore be denied.

  I thank the Court for its consideration in this matter.

                  Respectfully submitted,

                     /S/

                  Jeffrey A. Rothman

cc: Elissa Jacobs, Esq. (by ECF and email)