

| | THE CITY OF NEW YORK | |
|---|---|---|
| ZACHARY W. CARTER<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | Elissa B. Jacobs<br>*Special Federal Litigation Division*<br>212-356-3540<br>Facsimile: (212) 356-3509<br>ejacobs@law.nyc.gov |

September 6, 2016

**BY ECF**
Honorable Richard J. Sullivan
United States District Judge
Southern District of New York
40 Foley Square
New York, NY  10007

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/6/16
```

      Re:  Bertolino v. City of New York, et al., 15 Civ. 7327(RJS)

Dear Judge Sullivan:

      I am an attorney in the office of the Corporation Counsel of the City of New York, counsel for defendants' City of New York and Officers Castillo, Roca, Escalera, Labella Guilinello and Nunez.  I write pursuant to Your Honor's Individual Rules to request an extension of time to Answer the Amended Complaint in this matter, *nunc pro tunc*, until Wednesday, September 8, 2016.  Plaintiff's counsel, Jeffrey Rothman, does not consent and has informed me that he intends to file a motion for a default.

      In March 2016, plaintiff filed a Second Amended Complaint in this action.  In response, this office filed a pre-motion conference request, asking that portions of the Complaint be dismissed.  The Court held a conference on May 6, 2016, wherein it denied defendants' motion and Ordered that discovery continue.  In accordance with the Federal Rules of Civil Procedure, defendants' Answer was due fourteen days after that denial.  However, I did not calendar the deadline and defendants failed to propound an answer.  Today, September 6, 2016, defense counsel informed me that our answer was overdue and he intended to file for a default. Defendants respectfully request that they be permitted to file and answer to the Complaint that will allow the case to go forward on its merits.  While defense counsel has not answer the complaint, defendants have been otherwise participating in and defending the action, through document discovery and depositions.  Despite this plaintiff is suggesting that a default against the defendants, who are currently in the process of preparing for their depositions, is the appropriate response.  [T]he extreme sanction of a default judgment [is] a weapon of last, rather than first, resort." Meenan *v.* Snow, 652 F.2d 274, 277 (2d Cir. 1981).  Furthermore, as a matter of policy, there is a strong preference for resolution of disputes on their merits.  Id. Plaintiff has not been prejudiced by this delay, and in fact apparently did not realize the lack of an answer until today.

Given these facts, I respectfully request that the Court grant defendants until Thursday, September 8, 2016 to answer the Complaint. I thank the Court for its attention to this matter.

Respectfully submitted,

/S/

Elissa B. Jacobs

cc: Jeffrey Rothmann, Esq. (by ECF)

---

Since the Second Circuit has instructed that entry of a default judgment is a sanction of last resort and has underscored its preference for resolving disputes on the merits, see *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 450 (2d Cir. 2013); *Marfia v. T.C. Ziraat Bankasi, N.Y. Branch*, 100 F.3d 243, 249 (2d Cir. 1996), IT IS HEREBY ORDERED that Defendants are granted leave to file their answer no later than September 8, 2016.

Even so, the Court notes that Defendants' failure to submit a timely answer is part of a disturbing pattern in this litigation, which included **defense counsel's** failure to appear at a pre-motion conference to address Defendants' contemplated motion to dismiss. (Doc. No. 36.) The Court warns **Defense counsel** that continued failure to comply with Court orders and the Federal Rules of Civil Procedure will likely result in sanctions, including possible entry of default judgment.

SO ORDERED
Dated: 9/6/16

RICHARD J. SULLIVAN
U.S.D.J.

MEMO ENDORSED

2