**Jeffrey A. Rothman**
Attorney at Law
315 Broadway, Suite 200
New York, NY 10007
Tel.: (212) 227-2980; Cell: (516) 455-6873
Fax: (212) 591-6343
rothman.jeffrey@gmail.com

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/27/16
```

September 27, 2016

By ECF and by Email
The Honorable Richard J. Sullivan
United States District Court Judge
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

> IT IS HEREBY ORDERED that Defendants shall submit a response of no more than three (3) pages, no later than September 30, 2016, addressing Plaintiff's arguments regarding sanctions.
>
> SO ORDERED
> Dated: 9/27/16
> RICHARD J. SULLIVAN
> U.S.D.J.

Re:   Vincent Bertolino v. City of New York, et al.; 15 Civ. 7327 (RJS)

Dear Judge Sullivan:

I am counsel for Plaintiff in the above-captioned action, and write to respectfully request a pre-motion conference in anticipation of Plaintiff's motion to strike the answer of Defendant Police Officer Hector Lopez for failure to appear at his deposition today, and to have a default judgment entered against him.

In Your Honor's Order dated September 6, 2016 (docket # 48), which permitted Defendants to file a late answer to the Second Amended Complaint over my objection (I had begun the process of moving for default) Your Honor wrote:

> [T]he Court notes that Defendants' failure to submit a timely answer is part of a disturbing pattern in this litigation, which included defense counsel's failure to appear at a pre-motion conference to address Defendants' contemplated motion to dismiss. (Doc. No. 36 .) The Court warns Defense counsel that continued failure to comply with Court orders and the Federal Rules of Civil Procedure will likely result in sanctions, including possible entry of default judgment[1].

A notice of deposition was originally served on opposing counsel on May 10, 2016. On September 6, 2016 opposing counsel and I scheduled Officer Lopez's deposition to be held today, to begin at 10:00 a.m. at my office (and that was memorialized by email, also on September 6th).

---

[1] I set forth further background information concerning what led up to this is in my letter to the Court dated September 6, 2016 (docket # 47).

MEMO ENDORSED

Today I arrived at my office very early in the morning and prepared to take Officer Lopez's deposition. At 8:43 a.m. I emailed opposing counsel to inform her that there were certain documents needed for today's deposition that she had failed to previously provide to me (his memo book, disciplinary records, and his verification of Defendants' discovery responses). My court reporter arrived at approximately 9:30 a.m. and set up her equipment. At 10:00 a.m. – when Officer Lopez and opposing counsel were supposed to be at my office for the deposition to begin – opposing counsel emailed me to say, "I'm still waiting for him to appear here. I'll let you know when I have an update," and at 10:32 a.m. sent me another email stating, "Still waiting." I then called opposing counsel and stated that it was not fair to my court reporter to have her just remain sitting here and not being paid for her time, and I informed opposing counsel that if Officer Lopez had not contacted her by 11:00 a.m. I would have to let my court reporter leave. At 10:58 a.m. I stated the following in an email to opposing counsel:

> Per our discussion just now:
>
> It's now 10:51 a.m. and we were supposed to start at 10. My court reporter has been sitting here for around an hour and a half, and this witness has not called you to give any explanation for why he has not appeared for his deposition.
>
> If he has not materialized by 11 a.m. I'm going to let my court reporter leave, and send you the bust bill. I will also move to have PO Lopez's answer stricken.

At 11:03 a.m. I let my court reporter leave.

I have no idea when or how Officer Lopez's deposition date was communicated to him by opposing counsel, and if that was done in a manner that made it clear to him that he needed to appear here today at 10 a.m. to be deposed. Despite having had a number of further phone calls with opposing counsel throughout the day, I have not heard anything further from her as to why Officer Lopez did not arrive for his deposition this morning, and why he apparently did not even contact opposing counsel to inform her that he could not or would not come.

In my letter to the Court dated September 6, 2016 (docket # 47) I concluded by saying:

> The Court should not permit opposing counsel to baselessly oppose the amendment of the complaint in this case, and then repeatedly mis-calendar (or fail to calendar at all) important dates like court conferences and dates to answer, especially in light of Judge Engelmeyer's Order in <u>Hawkins</u> quoted from above. At some point enough is enough.

Your Honor then permitted Defendants to file their late answer, and issued your warning to opposing counsel in the September 6, 2016 Order (docket # 48). Despite Your Honor's warning, what transpired this morning still transpired. The Court should therefore strike Officer Lopez's answer, and enter a default judgment against him.

Fed.R.Civ.P. 37(d)(1)(A) states that "[t]he court where the action is pending may, on motion, order sanctions if: (i) a party ... fails, after being served with proper notice, to appear for that person's deposition." Fed.R.Civ.P. 37(d)(3) states that:

> Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)—(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(b)(2)(A) (iii) empowers the Court as a sanction to "strik[e] pleadings in whole or in part" and Fed.R.Civ.P. 37(b)(2)(A) (vi) empowers the Court as a sanction to "render[ ] a default judgment against the disobedient party."

I thank the Court for its consideration in this matter.

Respectfully submitted,

/S/

Jeffrey A. Rothman

cc: Elissa Jacobs, Esq. (by ECF and email)