Case 1:15-cv-07327-RJS   Document 56   Filed 09/30/16   Page 1 of 2



| | | |
|---|---|---|
| **ZACHARY W. CARTER**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **Elissa B. Jacobs**<br>*Special Federal Litigation Division*<br>*212-356-3540*<br>*Facsimile:  (212) 356-3509*<br>*ejacobs@law.nyc.gov* |

September 30, 2016

**BY ECF**
Honorable Richard J. Sullivan
United States District Judge
Southern District of New York
40 Foley Square
New York, NY  10007

        Re:  <u>Bertolino v. City of New York, et al.</u>, 15 Civ. 7327(RJS)

Your Honor:

        I am an attorney in the office of the Corporation Counsel of the City of New York, counsel for defendants in this matter.  I write in opposition to to plaintiff's letter of September 27, 2016 asking that Defendant Hector Lopez's answer be struck from the record and default filed on his behalf.  Plaintiff's request is an extraordinary response to a scheduling issue, and one taken without making an effort to either reschedule the deposition or to discover why Officer Lopez failed to appear.

        As discussed in plaintiff's letter, the parties scheduled PO Lopez's deposition to be held on September 27, 2016.  I spoke with Officer Lopez prior to scheduling the deposition and confirmed that he was available.  I spoke with him again on September 15, 2016 prior to going on vacation, and put in a notification to his command to confirm that the date was on his schedule.  The day before the deposition, I left a message for him reminding him of the date, but did not immediately hear back from him.  The morning of September 27, 2016, Officer Lopez did not appear, nor was I able to get in touch with him.  I called his command who were unable to provide me with any information regarding his whereabouts.  I have since learned that Officer Lopez had a family emergency that prevented him from appearing that morning.  While he was aware of the deposition, he was caught up in dealing with the emergency and did not respond to my phone calls until later in the day on September 27, 2016.  I have informed him that in the future, should emergencies arise, he needs to inform his counsel that he will be unable to make an appearance as soon as he is aware of the problem, and I express his apologies to plaintiff's counsel and the Court reporter along with my own.

        On the morning of September 27, 2016, I informed Mr. Rothman that I believed we would have to cancel the deposition in a conversation that occurred at approximately 10:45 a.m.

and told him that I would pay the Court reporter for her time.  In that conversation, Mr. Rothman informed me that he was going to move to strike the answer and enter a default.  At no point in time did he indicate that any sort of explanation for Officer Lopez's failure to intervene would prevent him from making this motion.  I told him that I believed that to be an extreme measure, but he was undeterred.  At no point in time did he indicate that an explanation for Officer Lopez's absence would prevent him from moving, nor did he indicate any interest in rescheduling the deposition.  Given that counsel seemed more interested in trying to put this issue in front of Your Honor rather than resolve it between the parties, I did not contact him when I learned of Officer Lopez's explanation.

Plaintiff's request that the answer be stricken and a default be entered against Officer Lopez is an unnecessarily harsh measure for a party whose failure to appear was neither willful nor careless, but caused by unforeseen circumstances.  While Fed. R. Civ. P 37 does empower the court to strike pleadings against a disobedient party, the failure to appear a single time for a deposition does not make Officer Lopez a "disobedient party."  In fact, any sanction in these circumstances, other than defendants' promise to pay for the Court reporter's time, would be unjust.  Officer Lopez's failure to appear was simply a result of unforeseen personal circumstances.  Plaintiff's attempts to once again prevent this case from going forward on the merits should be denied, and instead Officer Lopez should be permitted to defend this case through rescheduling his deposition and going forward.

I thank the Court for its attention to this matter.

Respectfully submitted,

/S/

Elissa B. Jacobs